UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHEILA K. STUPPY, | Case No. 2:16-CV-2960 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendant(s). | |

Presently before the court is *pro se* plaintiff Sheila Stuppy's emergency motion for a temporary injunction. (ECF No. 2). Plaintiff requests an injunction barring defendant Wells Fargo Bank, N.A. from entering the subject property or advertising the sale of the property. (ECF No. 2).

As an initial matter, the court acknowledges that plaintiff's complaint and motion were filed *pro se* and are therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville*

**James C. Mahan**
**U.S. District Judge**

*Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

On December 21, 2016, plaintiff filed a complaint against defendant to quiet title based on adverse possession pursuant to chapter 11 of the Nevada Revised Statutes. (ECF No. 1). In the complaint, plaintiff alleges that complete diversity exists between the parties, but fails to allege that the amount in controversy is met. (ECF No. 1 at 1). Further, the complaint does not raise a federal question.

In light of the foregoing, the court finds that it lacks subject matter jurisdiction over the instant case. Based on the allegations set forth in the complaint, neither diversity jurisdiction nor a federal question exists. Thus, pursuant to Rule 12(h)(3), "the court must dismiss the action."

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's complaint (ECF No. 1) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's emergency motion for a temporary injunction (ECF No. 2) be, and the same hereby is, DENIED as moot.

The clerk shall close the case.

DATED December 23, 2016.

                                          /s/ James C. Mahan
                                          UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**